# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, *et al.*, | Case No. 2:10-CV-01602-KJD-RJJ |
| Plaintiffs, | **ORDER** |
| v. | |
| ADVANCED TRAFFIC SAFETY, INC., | |
| Defendant. | |

Presently before the Court is Plaintiffs' Motion for Summary Judgment (#15). Defendant filed a response in opposition (#16) to which Plaintiffs replied (#17).

I.  Facts

Advanced Traffic Safety, Inc. ("Advanced") is signatory to a collective bargaining agreement ("CBA") with Laborers International Union of North America, Local No. 872 ("the Laborers"). Under the CBA, Advanced was required to contribute to the Plaintiffs ("Trust Funds") on behalf of its covered employees and to abide by all terms and conditions of the agreements establishing the Trust Funds as well as any rules and regulations adopted by the Trustees of the Trust Funds.  Under the Trust Agreements, any delinquent contributions incur fourteen percent (14%) interest and a twenty percent (20%) liquidated damages charge.  Delinquent employers are also required to pay all

attorney's fees and costs associated with collecting delinquent contributions such as audit and administrative fees.

An independent Contract Compliance Review ("Audit") of Advanced's contributions was conducted for the period October 2008 through October 2009. The Audit revealed that the Trust Funds were due $35,548.00 in delinquent contributions. As of September 30, 2011, in addition to the delinquent contributions, Plaintiffs are due from Defendant: $13,586.00 in interest, $13,586.00 in liquidated damages, $4.210.00 in audit fees, $1,000.00 in pre-complaint attorney's and administrative fees, and $9,822.00 in attorney's fees and costs.[1] Plaintiffs have moved for summary judgment alleging that they are due the full amount of damages claimed and that no genuine issue of material fact prevents the Court from entering judgment in the amount of $77,752.00.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial.

---

[1] The total amount of accrued interest through September 30, 2011, is $13,586.00. The Trust Funds' governing documents provide that the amount of liquidated damages will be the highest of either twenty percent (20%) of the delinquent contributions or the total amount of accrued interest – in this case the amount of interest accrued will be used to calculate liquidated damages. Accordingly, the final judgment awarded is based on these figures.

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

III.  Analysis

When an employer fails to remit employee benefit contributions in accordance with the employer's written obligations, the employer is subject to suit for its delinquencies.  See 29 U.S.C. § 1145; see also 29 U.S.C. § 1132(g)(requiring an award of interest, liquidated damages and attorney's fees in suits to enforce § 1145).  There is no dispute that Advanced signed a written agreement, the CBA, that obligates it to pay all required employee benefit contributions to the Trust Funds. Advanced does not dispute the amount of the delinquent contributions. Instead, Advanced argues that it should not be liable for liquidated damages, interest, and attorney's fees.

The Court disagrees.  First, section 1132(g) requires the Court to award unpaid contributions, interest, liquidated damages and attorney's fees.  Second, though Advanced complains that litigation was unnecessary because it was willing to enter into a payment plan, there is no evidence that the parties came to a meeting of the minds that demonstrate an enforceable settlement agreement. It is

3

clear that the amount Advanced was willing to pay did not include the mandatory liquidated damages and interest.  Furthermore, the communications surrounding the proposed settlement are barred by Federal Rule of Evidence 408 which forbids use of the content of settlement discussions in consideration of the merits of the case.  Finally, the Court rejects Advanced's argument that damages should be offset pursuant to contributory negligence.  Contributory negligence is an affirmative defense to a claim for negligence, not a defense to the claims for breach of contract and statutory violations and penalties sought here.  <u>See</u> 57B Am. Jur.2d, Negligence § 797; Restatement (Second) of Torts § 463.  Finally, even if it was an appropriate defense, Advanced did not plead it as an affirmative defense as required by Federal Rule of Civil Procedure 8(c).  Accordingly, the Court grants Plaintiffs' motion for summary judgment.

IV. Conclusion

      Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (#15) is **GRANTED**;

      IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Plaintiffs in the amount of $77,752.00 and against Defendant Advanced Traffic Safety, Inc.

      DATED this 20th day of March 2012.

                                          Kent J. Dawson
                                          United States District Judge